Laurel I. Handley (NV Bar # 9576)
Jory C. Garabedian (NV Bar # 10352)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (702) 685-6342
E-Mail: lhandley@aldridgepite.com

Attorneys for Plaintiff:
*Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; PHH MORTGAGE CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> AURORA PEAK AVENUE TRUST, <br><br> Defendant. | Case No. 2:17-cv-02521-JAD-VCF <br><br><br> **JOINT STIPULATION/MOTION TO DROP PHH MORTGAGE CORPORATION AS PLAINTIFF** <br><br> ECF Nos. 15, 18 |

Co-Plaintiffs Federal National Mortgage Association ("Fannie Mae") and PHH Mortgage Corporation ("PHH"), by and through their undersigned counsel of record, hereby move this Honorable Court to drop or remove PHH as a party plaintiff pursuant to Fed. R. Civ. P. 21. To assist with obtaining a final order or judgment of this Court, this motion is simultaneously filed with and in conjunction with Fannie Mae's Application for Default Judgment and relies on the Declaration of Graham Babin attached thereto and contained therein as Exhibit 3 ("Babin Dec.").

This action was originally brought and filed on behalf of Fannie Mae and its then loan servicer PHH. (*See* Babin. Dec. at ¶ 9; *see also* ECF No. 1 at ¶ 26). Fannie Mae owns the loan and deed of trust at issue, and ultimately seeks a declaratory judgment that its deed of trust continues to encumber the property located at 8240 Aurora Peak Ave., Las Vegas, Nevada,

89131, APN 125-16-114-014 (hereinafter the "Property"), despite a homeowners association ("HOA") foreclosure sale of the Property. (*See* ECF No. 1 at ¶¶ 1 & 12).

However, PHH no longer services the loan at issue for Fannie Mae. (*See* Babin Dec. at ¶ 9). PHH's servicing rights were transferred to Rushmore Loan Management Services, LLC in the middle of this litigation on or about May 31, 2018. (*See id.*). PHH therefore no longer has an interest in this litigation, while Fannie Mae continues to own the loan and deed of trust at issue.

Under Fed. R. Civ. P. 21, a "court may at any time, on just terms, add or drop a party." Although this rule is often applied in the context of misjoinder and nonjoinder of parties, courts may use this rule outside that context. *See* 4 Moore's Federal Practice – Civil § 21.05 (2019). When exercising its discretion to add or drop a party, courts consider principles of fundamental fairness and judicial efficiency including prejudice to a party and undue delay. *See* 4 Moore's Federal Practice – Civil § 21.02 (2019).

Notably in this case, no prejudice or undue delay would result from dropping PHH as a party. PHH no longer has an interest in this matter as servicer of the loan at issue, and removing it as a party plaintiff would help facilitate a final judgment through Fannie Mae's pending Application for Default Judgment.

///

///

///

///

///

///

///

///

///

///

///

For these reasons, Fannie Mae and PHH respectfully request an order removing PHH as a party plaintiff so that the instant action can proceed in the name of Fannie Mae only.

Dated this 30ᵗʰ day of July, 2019                    Dated this 30ᵗʰ day of July, 2019

ALDRIDGE PITE, LLP                                    BALLARD SPAHR, LLP

*/s/ Jory C. Garabedian*                              */s/ Joel E. Tasca*

Jory C. Garabedian                                    Joel E. Tasca
Nevada Bar No. 10352                                  Nevada Bar No. 14124
*Attorneys for Plaintiff*                             *Attorney for Plaintiff*
*Federal National Mortgage Association*               *PHH Mortgage Corporation*

**IT IS SO ORDERED.**

DATED: 8/14/19 _____        _____
                                       UNITED STATES DISTRICT JUDGE